IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL ABRAHAM, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | Cause No. 5:15-cv-930<br>COMPLAINT – CLASS ACTION |
| Plaintiffs, | § § | |
| v. | § § | VIOLATION OF WARN ACT<br>29 U.S.C. § 2101, *et. seq.* |
| FPMC SERVICES, LLC, | § § | |
| Defendant. | § | JURY DEMAND |

## CLASS ACTION COMPLAINT

Paul Abraham ("Plaintiff"), on behalf of himself and all others similarly situated, files his Complaint against FPMC Services, LLC ("FPMC" or "Defendant"), and in support thereof, state as follows:

## NATURE OF THE ACTION

1. This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the United States Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et. seq.* ("WARN Act"). Defendant is liable under the WARN Act for the failure to provide Plaintiff and other similarly situated former employees at least 60 days advance notice of their employment losses, as required by the WARN Act.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction based on 28 U.S.C. § 1331 as well as 29 U.S.C. §§ 2102, 2104(a)(5).

3. Venue in this District is proper under 28 U.S.C. §1391(b) and (c), and Section 2104 of the WARN Act, 29 U.S.C. § 2104(a)(5), because Defendant does business in this District

and the acts constituting the violation of the WARN Act complained of occurred, and the claim arose, in this District.

## PARTIES

4. Plaintiff Paul Abraham was employed in Defendant's San Antonio, Texas facility as Chief Operating Officer until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

5. Defendant FPMC Services, LLC, is a Texas limited liability company with its headquarters and principal place of business in Texas. Defendant FPMC may be served through its registered agent for service of process, Mary Hatcher, at 12222 North Central Expressway, Suite 440, Dallas, Texas 75243. Plaintiff may name additional Defendants if discovery reveals other entities that employed Plaintiff on the dates alleged herein that incurred WARN Act liability for the events alleged herein.

## FACTS

6. According to its website, Defendant manages hospital sites committed to providing personalized patient care in locations throughout Texas.

7. On or about October 15, 2015, Plaintiff and other employees employed at the San Antonio facility were notified of their immediate termination effective at noon that day. On information and belief, Plaintiff alleges that Defendant terminated approximately one hundred and thirty-nine (139) employees at the San Antonio hospital, constituting almost the entirety of Defendant's San Antonio workforce. Accordingly, this mass termination qualifies as a plant closing and/or mass layoff under the WARN Act.

8. Defendant informed the Texas Workforce Commission on October 16, 2015 that it was laying off 139 San Antonio employees effective the previous day, October 15, 2015.

9. Plaintiff, and all other similarly situated persons, suffered employment losses by Defendant and did not receive the 60 day notice required by the WARN Act.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1), and (b)(3) and the WARN Act, 29 U.S.C. § 2104(a)(5).

11. Class Definition: Plaintiff brings this action on behalf of himself and all other similarly situated employees. Plaintiff seeks to represent a class initially defined as: "All of Defendant's employees who suffered an employment loss at Defendant's San Antonio facility on or about October 15, 2015, or within thirty (30) days of that date, without sixty (60) days advance written notice as required by the WARN Act."

12. Plaintiff and class members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act, 29 U.S.C. § 2101(a)(5) and (6).

13. Plaintiff's claims satisfy the numerosity, adequacy, commonality, typicality, predominance, and superiority requirements of a class action.

14. Numerosity and Class Size: The class contains in excess of one hundred members, and joinder is therefore impracticable. Plaintiff believes, based on Defendant's filings with the Texas Workforce Commission, that the total number of affected employees is approximately 139; the precise number of class members and their addresses are readily determinable from the books and records of Defendant.

15. Adequacy: Plaintiff is an affected employee who suffered an employment loss by Defendant on or about October 15, 2015, without the notice required by the WARN Act.  He is

thereby a member of the class. Plaintiff is committed to pursuing this action and has retained counsel with experience prosecuting complex wage, employment, class action, and WARN Act litigation. Accordingly, Plaintiff is an adequate representatives of the class and has the same interests as all of its members. Plaintiff will fairly and adequately protect the interests of the absent members of the class.

16. <u>Common Questions of Law and Fact</u>: There are questions of fact and law that are common to the class and predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a. Whether the provisions of the WARN Act apply;

    b. Whether Defendant's employee layoffs on or about October 15, 2015, and within 30 days of that date, constitute a "plant closing" and/or "mass layoff" under the WARN Act;

    c. Whether Defendant failed to provide the notices required by the WARN Act, 29 U.S.C. § 2102(b);

    d. Whether Defendant can avail itself of any of the provisions of the WARN Act permitting lesser periods of notice;

    e. The appropriate formulae to measure damages under the WARN Act, 29 U.S.C. § 2104(a); and

    f. The appropriate definitions and formulae to measure payments to potentially offset damages under the WARN Act, 29 U.S.C. § 2104(a)(2).

17. <u>Typicality</u>: Plaintiff's claim is typical of the claims of all members of the class. Plaintiff was laid off on or about the same date as other members of the class. Plaintiff, like

members of the class, was not provided with sufficient notice as required by the WARN Act.

18. <u>Nature of the Proposed Notice</u>: Plaintiff proposes that, should the Court certify the class, notice be sent to class members via first class mail and email. The names and contact information of class members are readily determinable from the books and records of Defendant.

19. <u>Rule 23(b) Requirements</u>:  The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

20. A class action is the superior method for the fair and efficient adjudication of this controversy.  Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

21. Further, class action treatment of this action is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which clearly provides that a plaintiff seeking to enforce liabilities under the WARN Act may sue either on behalf of his or her self, for other persons similarly situated, or both.

## COUNT I

### Violations of the WARN Act

22. Plaintiff reasserts and re-alleges the allegations set forth above.

23. At all times material herein, Plaintiff, and similarly situated persons, has been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101 *et. seq.*

24. Defendant was, and is, subject to the notice and back pay requirements of the federal WARN Act because Defendant is a business enterprises that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) & (B).

25. The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period. Pursuant to the WARN Act, 29 U.S.C. § 2102, and 20 C.F.R. § 639.1 - § 639.10 *et seq.*, Defendant was required to provide at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

26. Defendant willfully violated the federal WARN Act by failing to provide the required notice. Defendant failed to pay Plaintiff and other similarly situated employees their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

27. Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. §§ 2103(1)-(2). None of the WARN Act exemptions apply to

Defendant. Accordingly, Plaintiff and class members must receive the notice and back pay required by the WARN Act, 29 U.S.C. §§ 2102, 2104.

28. Plaintiff and all similarly situated employees have been damaged by Defendant's conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendant has not acted in good faith nor with reasonable grounds to believe their acts and omissions were not a violation of the WARN Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all similarly situated employees, demand judgment against Defendant and pray for:

(1) an order certifying that the action may be maintained as a class action under Federal Rule of Civil Procedure 23;

(2) designation of Paul Abraham as the representative of the class, and counsel of record as Class Counsel;

(3) compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

(4) reasonable attorneys' fees, costs, and disbursements as allowed by the WARN Act, 20 U.S.C. § 2104(1)(6); and

(5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury of all issues triable by jury pursuant to Fed. R. Civ. P. 38.

DATED this 27th day of October, 2015.

/s/Lawrence Morales II
Lawrence Morales II
State Bar No. 24051077
Attorney-in-Charge
Allison S. Hartry
State Bar No. 24084149
**THE MORALES FIRM, P.C.**
State Bar No. 24051077
115 E. Travis, Suite 1530
San Antonio, Texas 78205
210.225.0811 (Telephone)
210.225.0821 (Fax)
lawrence@themoralesfirm.com
ahartry@themoralesfirm.com
