IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAUL ABRAHAM, CRYSTAL ADELMAN, BLANCA BASALDUA, LAURA BUENDTNER, MIRANDA CALDERON, DIANA CARDENAS, VALERIE CARRASCO, ORVI CAVAZOS, CYNTHIA CHANCEY, BRITNEE CHATHAM, SCOTT CLEGG, ALANA COHEN, MICHELLE CORDERO, SERGIO CRISALLE, FILIBERTO CRUZ, DENISE DAVILA, MATTHEW DAVIS, RAYLN DIAZ, CHERL DUSATKO, JAMES ECKENRODE, CATHI EGGART, PATRICIA ESTRADA, JANNETH FERDIN, DAVID FINLEY, ALAINA FOSTER, AIMEE GAIN, JOHN GARCIA, TIFFANY GARZA, BENNY GARZA, MEGAN GETZ, KAYLEE GRANGER, CHRISTINE HAASS, JANAH HAMMOND, MONICA HERNANDEZ, EDWARD HILL, MIKE HOCKETT, SEAN HUNT, JEFFERY HUTCHISON, GILL JARAMILLO, KASHMIR KAUR, KENYON KERKOVE, REBECCA LAMPKIN, JON LARQUE, WANDA LEE, BRENDA LOPEZ, JACQUELINE LOPEZ, MICHELLE MATTESON, KENNETH MAYFIELD, CARL MILLER, JENNIFER MOORE, LINDA MORGAN, JAMIE MORRIS, TINA MURRAY, BRITTANY NICHOLS, NORMA OLMOS, REUBEN ORNELAS, SYLVIA PECINA, ALBERTO PEREZ, SUSAN PORTER, CONSUELO RAMIREZ, BESS RANGEL, IMELDA REYES, NANCY REYES, RUBEN REYES III, CHRISTINA SANTOS, LAURA SCHOTT, RUBY SEBASTIAN, COURTNEY SHERIDAN, KIMBERLY SMITH-FOX, TARA SPARKS, MICHELLE THILMAN, STEPHANIE TUSING, JOSEPH VASQUEZ, MARIA DOLORES VASQUEZ, SAMMY WELBORN, AMBER WILLBORN, CLIFTON WILLIAMSON, AND BEN ZAVALA, Plaintiffs, | Cause No. 5:15-cv-930-OLG<br><br>JURY DEMAND |
| vs. | |
| FPMC SERVICES, LLC, Defendant. | |

---

*Plaintiffs' First Amended Complaint*　　　　　　　　　　　　　　　　　　　　　Page 1 of 19

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Paul Abraham, Crystal Adelman, Blanca Basaldua, Laura Buendtner, Miranda Calderon, Diana Cardenas, Valerie Carrasco, Orvi Cavazos, Cynthia Chancey, Britnee Chatham, Scott Clegg, Alana Cohen, Michelle Cordero, Sergio Crisalle, Filiberto Cruz, Denise Davila, Matthew Davis, Rayln Diaz, Cherl Dusatko, James Eckenrode, Cathi Eggart, Patricia Estrada, Janneth Ferdin, David Finley, Alaina Foster, Aimee Gain, John Garcia, Tiffany Garza, Benny Garza, Megan Getz, Kaylee Granger, Christine Haass, Janah Hammond, Monica Hernandez, Edward Hill, Mike Hockett, Sean Hunt, Jeffery Hutchison, Gill Jaramillo, Kashmir Kaur, Kenyon Kerkove, Rebecca Lampkin, Jon Larque, Wanda Lee, Brenda Lopez, Jacqueline Lopez, Michelle Matteson, Kenneth Mayfield, Carl Miller, Jennifer Moore, Linda Morgan, Jamie Morris, Tina Murray, Brittany Nichols, Norma Olmos, Reuben Ornelas, Sylvia Pecina, Alberto Perez, Susan Porter, Consuelo Ramirez, Bess Rangel, Imelda Reyes, Nancy Reyes, Ruben Reyes III, Christina Santos, Laura Schott, Ruby Sebastian, Courtney Sheridan, Kimberly Smith-Fox, Tara Sparks, Michelle Thilman, Stephanie Tusing, Joseph Vasquez, Maria Dolores Vasquez, Sammy Welborn, Amber Willborn, Clifton Williamson, and Ben Zavala (collectively, "Plaintiffs") file their First Amended Complaint against FPMC Services, LLC ("FPMC" or "Defendant"), and in support thereof, state as follows:

## NATURE OF THE ACTION

1.  This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the United States Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et. seq*. ("WARN Act"). Defendant is liable under the WARN Act for the failure to provide Plaintiffs at least 60 days advance notice of their employment losses, as required by the WARN Act.

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction based on 28 U.S.C. § 1331 as well as 29 U.S.C. §§ 2102, 2104(a)(5).

3. Venue in this District is proper under 28 U.S.C. §1391(b) and (c), and Section 2104 of the WARN Act, 29 U.S.C. § 2104(a)(5), because Defendant does business in this District and many of the acts constituting the violation of the WARN Act complained of occurred, and the claim arose, in this District.

## PARTIES

4. Plaintiff Paul Abraham was employed in Defendant's San Antonio, Texas facility as Chief Operating Officer until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

5. Plaintiff Crystal Adelman was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

6. Plaintiff Blanca Basaldua was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

7. Plaintiff Laura Buendtner was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

8. Plaintiff Miranda Calderon was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

9. Plaintiff Diana Cardenas was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

10. Plaintiff Valerie Carrasco was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

11. Plaintiff Orvi Cavasos was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

12. Plaintiff Cynthia Chancey was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

13. Plaintiff Britnee Chatham was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

14. Plaintiff Scott Clegg was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

15. Plaintiff Alana Cohen was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

16. Plaintiff Michelle Cordero was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

17. Plaintiff Sergio Crisalle was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

18. Plaintiff Filiberto Cruz was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

19. Plaintiff Denise Davila was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

20. Plaintiff Matthew Davis was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

21. Plaintiff Rayln Diaz was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

22. Plaintiff Cherl Dusatko was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

23. Plaintiff James Eckenrode was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

24. Plaintiff Cathi Eggart was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

25. Plaintiff Patricia Estrada was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

26. Plaintiff Janneth Ferdin was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

27. Plaintiff David Finley was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

28. Plaintiff Alaina Foster was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

29. Plaintiff Aimee Gain was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

30. Plaintiff John Garcia was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

31. Plaintiff Tiffany Garza was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

32. Plaintiff Benny Garza was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

33. Plaintiff Megan Getz was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

34. Plaintiff Kaylee Granger was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

35. Plaintiff Christine Haass was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

36. Plaintiff Jannah Hammond was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

37. Plaintiff Monica Hernandez was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

38. Plaintiff Edward Hill was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

39. Plaintiff Mike Hockett was employed in Defendant's Dallas, Texas facility until he was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

40. Plaintiff Sean Hunt was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

41. Plaintiff Jeffery Hutchison was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

42. Plaintiff Gil Jaramillo was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

43. Plaintiff Kashmir Kaur was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

44. Plaintiff Kenyon Kerkove was employed in Defendant's Dallas, Texas facility until he was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

45. Plaintiff Rebecca Lampkin was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

46. Plaintiff Jon Larque was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

47. Plaintiff Wanda Lee was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

48. Plaintiff Brenda Lopez was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

49. Plaintiff Jacqueline Lopez was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

50. Plaintiff Michelle Matteson was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

51. Plaintiff Kenneth Mayfield was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

52. Plaintiff Carl Miller was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

53. Plaintiff Jennifer Moore was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

54. Plaintiff Linda Morgan was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

55. Plaintiff Jamie Morris was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

56. Plaintiff Tina Murray was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

57. Plaintiff Brittany Nichols was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

58. Plaintiff Norma Olmos was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

59. Plaintiff Reuben Ornelas was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

60. Plaintiff Sylvia Pecina was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

61. Plaintiff Alberto Perez was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

62. Plaintiff Susan Porter was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

63. Plaintiff Consuelo Ramirez was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

64. Plaintiff Bess Rangel was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

65. Plaintiff Imelda Reyes was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

66. Plaintiff Nancy Reyes was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

67. Plaintiff Ruben Reyes III was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

68. Plaintiff Christina Santos was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

69. Plaintiff Laura Schott was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

70. Plaintiff Ruby Sebastian was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

71. Plaintiff Courtney Sheridan was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

72. Plaintiff Kimberly Smith-Fox was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

73. Plaintiff Tara Sparks was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

74. Plaintiff Michelle Thilman was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

75. Plaintiff Stephanie Tusing was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

76. Plaintiff Joseph Vasquez was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

77. Plaintiff Maria Dolores Vasquez was employed in Defendant's Dallas, Texas facility until she was terminated on or about October 30, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

78. Plaintiff Sammy Welborn was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

79. Plaintiff Amber Wilborn was employed in Defendant's San Antonio, Texas facility until she was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

80. Plaintiff Clifton Williamson was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

81. Plaintiff Ben Zavala was employed in Defendant's San Antonio, Texas facility until he was terminated on or about October 15, 2015. Plaintiff earned regular compensation and other employee benefits and was damaged by Defendant's acts in violation of the WARN Act.

82. Defendant FPMC Services, LLC, is a Texas limited liability company with its headquarters and principal place of business in Texas. Defendant FPMC has already appeared in this lawsuit.

83. Plaintiff may name additional Defendants if discovery reveals other entities that employed Plaintiff on the dates alleged herein that incurred WARN Act liability for the events alleged herein.

## FACTS

84. According to its website, Defendant manages hospital sites committed to providing personalized patient care in locations throughout Texas, including San Antonio and Dallas. On or about October 15, 2015, Plaintiffs Paul Abraham, Crystal Adelman, Blanca Basaldua, Miranda Calderon, Diana Cardenas, Valerie Carrasco, Orvi Cavazos, Cynthia Chancey, Scott Clegg, Michelle Cordero, Sergio Crisalle, Filiberto Cruz, Denise Davila, Matthew Davis, Rayln Diaz, James Eckenrode, Patricia Estrada, Janneth Ferdin, David Finley, Alaina Foster, John Garcia, Tiffany Garza, Benny Garza, Megan Getz, Kaylee Granger, Christine Haass, Monica Hernandez, Edward Hill, Sean Hunt, Jeffery Hutchison, Gill Jaramillo, Jon Larque, Wanda Lee, Brenda Lopez, Michelle Matteson, Kenneth Mayfield, Carl Miller, Linda Morgan, Jamie Morris, Tina Murray, Brittany Nichols, Norma Olmos, Reuben Ornelas, Sylvia Pecina, Alberto Perez, Susan Porter, Imelda Reyes, Ruben Reyes III, Christina Santos, Laura Schott, Courtney Sheridan, Kimberly Smith-Fox, Tara Sparks, Joseph Vasquez, Sammy Welborn, Amber Willborn, Clifton Williamson, and Ben Zavala (collectively, the "San Antonio Plaintiffs") and other employees employed at the San Antonio facility were notified of their immediate termination effective at noon that day. On information and belief, the San Antonio Plaintiffs allege that Defendant terminated approximately one hundred and thirty-nine (139) employees at the San Antonio hospital, constituting almost the

entirety of Defendant's San Antonio workforce. Accordingly, this mass termination qualifies as a plant closing and/or mass layoff under the WARN Act.

85. Defendant informed the Texas Workforce Commission on October 16, 2015 that it was laying off 139 San Antonio employees effective the previous day, October 15, 2015.

86. On or about October 30, 2015, Plaintiffs Cherl Dusatko, Laura Buendtner, Britnee Chatham, Alana Cohen, Cathi Eggart, Aimee Gain, Janah Hammond, Mike Hockett, Kashmir Kaur, Kenyon Kerkove, Rebecca Lampkin, Jacqueline Lopez, Jennifer Moore, Consuelo Ramirez, Bess Rangel, Nancy Reyes, Ruby Sebastian, Michelle Thilman, Stephanie Tusing, and Maria Dolores Vasquez (collectively, the "Dallas Plaintiffs") and other employees employed at the Dallas facility were notified of their termination effective that day. On information and belief, the Dallas Plaintiffs allege that Defendant terminated approximately one hundred and ninety-six (196) employees at the Dallas hospital, constituting almost the entirety of Defendant's Dallas workforce. Accordingly, this mass termination qualifies as a plant closing and/or mass layoff under the WARN Act.

87. Defendant informed the Texas Workforce Commission on November 2, 2015 that it had laid off 196 Dallas employees effective, October 30, 2015.

88. Plaintiffs suffered employment losses by Defendant and did not receive the 60 day notice required by the WARN Act.

## COUNT I

## Violations of the WARN Act

89. Plaintiffs reassert and re-allege the allegations set forth above.

90. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the WARN Act, 29 U.S.C. § 2101 *et. seq.*

91. Defendant was, and is, subject to the notice and back pay requirements of the federal WARN Act because Defendant is a business enterprises that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§ 2101(1)(A) & (B).

92. The WARN Act regulates the amount of notice an employer must provide to employees who will be terminated due to the employer's closing of a plant or mass layoffs, as well as the back pay and other associated benefits an affected employee is due based on a violation of the required notice period. Pursuant to the WARN Act, 29 U.S.C. § 2102, and 20 C.F.R. § 639.1 - § 639.10 *et seq.*, Defendant was required to provide at least sixty (60) days prior written notice of the termination, or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

93. Defendant willfully violated the federal WARN Act by failing to provide the required notice. Defendant failed to pay Plaintiffs their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

94. Section 2103 of the federal WARN Act exempts certain employers from the notice requirements of the Act. 29 U.S.C. §§ 2103(1)-(2). None of the WARN Act exemptions apply to Defendant. Accordingly, Plaintiffs must receive the notice and back pay required by the WARN Act, 29 U.S.C. §§ 2102, 2104.

95. Plaintiffs have been damaged by Defendant's conduct constituting violations of the WARN Act and are entitled to damages for their back pay and associated benefits for each day of the violation because Defendant has not acted in good faith nor with reasonable grounds to believe their acts and omissions were not a violation of the WARN Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant and pray for:

a. compensatory damages in an amount equal to at least the amounts provided by the WARN Act, 29 U.S.C. § 2104(a);

b. reasonable attorneys' fees, costs, and disbursements as allowed by the WARN Act, 20 U.S.C. § 2104(1)(6); and

c. such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury of all issues triable by jury pursuant to Fed. R. Civ. P. 38.

/s/Lawrence Morales II
Lawrence Morales II
State Bar No. 24051077
Attorney-in-Charge
Allison S. Hartry
State Bar No. 24084149
**THE MORALES FIRM, P.C.**
State Bar No. 24051077
115 E. Travis, Suite 1530
San Antonio, Texas 78205
210.225.0811 (Telephone)
210.225.0821 (Fax)
lawrence@themoralesfirm.com
ahartry@themoralesfirm.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 4, 2016, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to admitted counsel of record:

Jacob B. Kring
Britton D. McClung
Hendrick Kring, PLLC
1700 Pacific Aveneue, Suite 4650
Dallas, Texas 75201

                                            /s/ Allison S. Hartry
                                            Allison S. Hartry